NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| D&D ASSOCIATES, INC., | : | CIVIL ACTION NO. 03-1026 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| THE BOARD OF EDUCATION OF | : |  |
| NORTH PLAINFIELD, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

COOPER, District Judge

This matter comes before the Court on the appeal by D&D Associates, Inc. ("D&D") from an order of the Magistrate Judge dated March 3, 2006.  (Dkt. entry no. 122.)  For the reasons stated herein, the Court will (1) affirm the part of the order of the Magistrate Judge granting an application for an award of attorney fees, and (2) modify the part of the order setting forth the amount of fees awarded to be consistent with the intent of the order, and affirm as modified.

BACKGROUND

I.   Facts

The parties are familiar with the background of this action.  (See 9-30-05 Mem.Op. & Ord.; 1-10-06 Mem.Op. & Ord.)  Plaintiff, D&D, was the general contractor for various school construction and renovation projects in North Plainfield, New Jersey.  (Id.) The construction projects were delayed, and defendant Board of

Education of North Plainfield ("the Board") issued a notice of
default to D&D.  (Id.)  The Board also terminated D&D from the
project.  (Id.)

     D&D brought this action on March 10, 2003, (1) alleging that
the Board, and its attorney Robert C. Epstein ("Epstein"), among
others, violated D&D's civil rights and breached a contract with
D&D, and (2) asserting claims for tortious interference, libel,
slander, conversion, and fraudulent inducement.  (Am. Compl.)
Discovery concluded on March 30, 2006.  (Dkt. entry no. 121.)
Among other discovery motions, the Board moved to preclude the
expert report on damages from trial ("the Simonds Report")
prepared by Theresa M. Simonds ("Simonds"), and Arthur Federstein
("Federstein") submitted on behalf of D&D.  (Dkt. entry no. 88.)
The Magistrate Judge (1) granted the motion to preclude, (2)
provided D&D thirty days to submit a new expert report on
damages, and (3) determined that the Board's counsel was entitled
to reasonable fees and costs associated with the motion.  (11-23-
05 Order, dkt entry no. 98.)  The Board applied for the
reimbursement of its fees and costs on December 5, 2005.  (Dkt.
entry no. 101.)  In an order dated March 3, 2006 ("March Order"),
the Magistrate Judge ordered D&D to pay the Board $22,530.00 in
fees and costs associated with the motion to preclude.  (3-3-06
Order, dkt. entry no. 122.)  The appeal from that order is now
before this Court.  (Dkt. entry no. 124.)

## II.  The Magistrate Judge's Orders

### A.   The Underlying Motion to Preclude

The Board moved to preclude the Simonds Report on October 14, 2005.  (Dkt. entry no. 95.)  As articulated by the authors of the report, they had been engaged "to calculate the financial damages incurred by D&D Associates, Inc., ("D&D") due to the alleged actions of [the Board]."  (Simonds Report, at 1.)

The Board argued that the report should be precluded because (1) it was an impermissible preliminary report, (2) there was no basis for the opinions rendered, and (3) the report failed to comply with Federal Rule of Civil Procedure ("Rule") 26.  (Board Br. in Supp. of Mot. to Preclude, at 9, 11, 23.)  D&D argued that the report should not be precluded because (1) the Board was improperly seeking to bar all expert testimony before discovery was complete, (2) the report provided the mandated initial disclosures and would be supplemented pursuant to Rule 26, and (3) the report was a compilation and did not express opinions outside of the authors' expertise.  (D&D Br. in Opp'n to Mot. to Preclude, at 9, 11, 15.)

Rule 26 requires parties to disclose the identity of any person who will be providing expert testimony at trial, and to submit a written report prepared and signed by that witness. Fed.R.Civ.P. 26(a)(2).  Rule 26(a)(2)(B) outlines what information must be included in the written report.  Fed.R.Civ.P.

26(a)(2)(B).  The Magistrate Judge, applying Rule 26(a)(2)(B),
found that the Simonds Report was

> woefully deficient as it does not provide sufficient
> bases for the opinions expressed, it is preliminary in
> nature, without any specific determinations for various
> amounts of damages or how the damages were calculated, it
> relied solely on information provided by plaintiff's
> pleadings and its employees and admitted that the
> information could not be independently verified.

(11-23-05 Order, at 2.)  The Magistrate Judge also determined
that the report was insufficient to allow the expert to testify
at trial pursuant to Federal Rule of Evidence 702.  (Id.)  Based
on those conclusions, the Magistrate Judge (1) ordered "the
report submitted by Theresa M. Simonds . . . precluded from
trial," (2) permitted D&D to submit a new report that complied
with Rule 26, and (3) indicated that the Board was entitled to
reasonable fees and costs pursuant to Rule 37(c).  (Id. at 2-3.)

### B.   The Award of Attorney Fees

The Board, as directed by the Magistrate Judge, submitted a
memorandum of services related to the motion to preclude on
December 5, 2005.  (Dkt. entry no. 101.)  The attorneys for the
Board sought $32,202.50 in fees and costs.  (Id.)  D&D opposed
the request arguing that the amount sought was "overly
excessive," particularly because the Board's motion was "partly
denied."  (D&D Br. in Opp'n to Attorney Fees, at 5.)  The
Magistrate Judge (1) adjusted the hourly rate of one of the
Board's attorneys, (2) reduced the hours spent preparing the

motion to preclude, and (3) awarded the Board attorneys a reduced fee of $22,530.00.  (3-3-06 Order, at 2-4.)

<u>**DISCUSSION**</u>

D&D argues that the March Order should be reversed because (1) the Board is not entitled to any attorney fees in connection with the motion to preclude because (a) "the Board's motion failed in its fundamental purposes," and (b) D&D's opposition to the motion was substantially justified, and (2) the fees awarded are "heavily excessive and unwarranted."  (D&D Br., at 7, 9.) The Board argues that the March Order should be affirmed because (1) the Simonds Report was deficient and sanctions were appropriate, and (2) the amount of fees awarded was reasonable. (Board Br., at 13, 15, 20.)

**I.   District Court Review of Magistrate Judge Decisions**

The district court has authority to review determinations of a magistrate judge.  <u>See</u> 28 U.S.C. § 636.  A magistrate judge is accorded wide discretion in addressing non-dispositive motions, and an exercise of discretion will be reversed only if there is an abuse of that discretion.  <u>Id.</u>; <u>Miller v. Beneficial Mgmt. Corp.</u>, 844 F.Supp. 990, 997 (D.N.J. 1993).  A district judge may not reverse, modify, or vacate a magistrate judge's order addressing a non-dispositive motion unless the order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1); <u>Cipollone v. Liggett</u>

5

Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986).  "A finding is
clearly erroneous when although there is evidence to support it,
the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed."
Thomas v. Ford Motor Co., 137 F.Supp.2d 575, 579 (D.N.J. 2001)
(internal quotes and cites omitted).  Any evidence that was not
presented to the magistrate judge cannot be considered by the
district court when making a factual determination.  Id. at 579.

**II.  Relevant Discovery Standards**

**A.   Rule 26 Disclosures**

Rule 26 requires parties to an action to disclose, inter
alia, the names of individuals with discoverable information, a
copy of documents that may support claims or defenses, and the
identity of any witnesses retained to provide expert testimony.
Fed.R.Civ.P. 26(a).  A written report prepared and signed by the
witness must accompany the identification of an expert witness.
Fed.R.Civ.P. 26(a)(2)(B).  The report shall contain:

> a complete statement of all opinions to be expressed and
> the  basis  and  reasons  therefor;  the  data  or  other
> information  considered  by  the  witness  in  forming  the
> opinions;  any  exhibits  to  be  used  as  a  summary  of  or
> support  for  the  opinions;  the  qualifications  of  the
> witness, including a list of all publications authored by
> the  witness  within  the  preceding  ten  years;  the
> compensation  to  be  paid  for  the  study  and  testimony;  and
> a  listing  of  any  other  cases  in  which  the  witness  has
> testified  as  an  expert  at  trial  or  by  deposition  within
> the preceding four years.

Id.[1]  The written report must be "detailed and complete."
Fed.R.Civ.P. 26 advisory committee's note (1993 Amendments).
Prior versions of Rule 26 did not require the submission of
written reports, but the rule was amended because often the
initial information disclosed about the content of an expert's
testimony was "sketchy and vague."  Id.  Also, because the
deposition of an expert witness cannot be taken until after the
witness submits a written report, the length of, or need for an
expert's deposition will be often be reduced once a report is
submitted.  Id.

An expert also is obligated to supplement the written report
when additional information becomes available.  Fed.R.Civ.P.
26(a)(2)(C).  The allowance of supplementary disclosures,
however, is "not intended to provide an extension of the deadline
by which a party must deliver the lion's share of its expert
information."  Sierra Club, Lone Star Chapter v. Cedar Point Oil
Co., 73 F.3d 546, 571 (5th Cir. 1996).  "The failure to comply
with the disclosure requirements of the Rule frustrates the
purpose of the Rules- the elimination of unfair surprise and the

---

[1] For ease of reference, the requirements of what
information an expert report must contain can be broken down into
six items, (1) how and why the expert reached an opinion, (2)
what the expert relied upon when formulating an opinion, (3)
exhibits to be used by the expert, (4) qualifications of the
expert including publications, (5) expert compensation, and (6) a
list of other cases in which the expert has testified previously.
Reed v. Binder, 165 F.R.D. 424, 428-29 (D.N.J. 1996).

conservation of resources." <u>Reed</u>, 165 F.R.D. at 431.  The trial judge acts as a gatekeeper and has discretion to determine when an expert report is admissible.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999); Yarchak v. Trek Bicycle Corp., 208 F.Supp.2d 470, 494 (D.N.J. 2002).

**B.   Rule 37 Sanctions**

The Magistrate Judge determined that the Simonds Report did not meet the standards set forth in Rule 26, and awarded attorney fees to the Board pursuant to Rule 37(c).  (3-3-06 Order.)  Rule 37(c) provides:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions . . . including attorney's fees.

Fed.R.Civ.P. 37(c).  "Rule 37 is written in mandatory terms and is designed to provide a strong inducement for disclosure of Rule 26(a) material." <u>Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.</u>, 60 F.3d 153, 156 (3d Cir. 1995).

The imposition of sanctions pursuant to Rule 37 is within the discretion of the court.  <u>Id.</u>; <u>Reed</u>, 165 F.R.D. at 431; <u>see also</u> <u>Stein v. Foamex Int'l</u>, No. 00-2356, 2001 WL 856722, at *6 (E.D. Pa. July 23, 2001) ("the Court retains discretion in crafting a remedy for violation of this Rule [26]").  While Rule 37 permits a court to bar an expert's testimony, such a remedy

may be unduly harsh.  The rule, therefore, provides the court
with discretion to fashion an appropriate remedy.  Id.  An
appropriate remedy may include ordering the non-compliant party
to pay the attorney fees and costs of the opposing party.  Fitz,
Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591-92 (D.N.J.
1997) (determining that the plaintiffs' non-compliance with Rule
26 did not mandate the exclusion of the declarations at issue,
but required that they compensate the defendants for their legal
fees and costs).

Sanctions are not appropriate for failure to comply with
Rule 26 when the failure is substantially justified or harmless.
Fed.R.Civ.P. 37(c); Newman, 60 F.3d at 156; Fitz, Inc., 174
F.R.D. at 591.  Substantial justification requires

> justification to a degree that could satisfy a reasonable
> person that parties could differ as to whether the party
> was required to comply with the disclosure request.  The
> proponent's position must have a reasonable basis in law
> and fact.   The test is satisfied if there exists a
> genuine dispute concerning compliance.

Fitz, Inc., 174 F.R.D. at 591; see also Nguyen v. IBP, Inc., 162
F.R.D. 675, 680 (D. Kan. 1995).  "Failure to comply with the
mandate of the Rule [26] is harmless when there is no prejudice
to the party entitled to disclosure."  Reed, 165 F.R.D. at 430.
Factors to consider when determining whether a failure was
harmless include prejudice or surprise to a party against whom
evidence is offered, the ability to cure the prejudice,
likelihood of disruption to trial, and bad faith.  In re

9

Mercedes-Benz Anti-trust Litig., 225 F.R.D. 498, 505 (D.N.J. 2005).  Prejudice for failure to meet scheduling orders and to respond to discovery may include deprivation of information and "costs expended to force compliance with discovery."  Adams v. Trs. of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994); Smith v. Altegra Credit Co., No. 02-8221, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004).  The party who is alleged to have failed to comply with Rule 26 has the burden of demonstrating substantial justification and harmlessness. Nguyen, 162 F.R.D. at 680.

## III. Analysis

D&D appeals from the March Order that directs it to pay $22,530.00 to the Board in connection with the motion to preclude the Simonds Report.  D&D has not appealed from the November 2005 order that granted the motion to preclude the report and entitled the Board to attorney fees.  (See 11-23-05 Order, dkt. entry no. 98.)  The Court, however, must review whether the Simonds Report complied with Rule 26 to determine if a Rule 37 sanction was appropriate.  Then, the Court can review whether the award was appropriate.  The Court reviews the Magistrate Judge's order for abuse of discretion because whether the Simonds Report is sufficiently compliant with Rule 26 is a matter of degree.  See Sierra Club, 73 F.3d at 571 n.46 (noting that where the standard of compliance is a matter of degree, such as whether an initial

expert disclosure is complete, the determination of compliance is appropriately left to the discretion of the trial court and an appellate court should reverse only upon the showing of clear abuse).

### A.   The Sufficiency of the Simonds Report

The Magistrate Judge precluded the Simonds Report finding that it failed to comply with Rule 26 because, <u>inter alia</u>, it was "woefully deficient," preliminary in nature, and did not provide specific determinations for the amount of damages.  (11-23-05 Order.)  The report itself indicates that it is a "preliminary assessment of damages."  (Simonds Report, at 1.)  An examination of the report in light of the six items required to be included in an expert report pursuant to Rule 26 confirms the Magistrate Judge's determination.  The preclusion of the report was not clearly erroneous.

Simonds and Federstein indicate in the Simonds Report that they were "engaged to calculate financial damages incurred by D&D Associates, Inc."  (Simonds Report, at 1.)  The report provides a background of the events leading up to the litigation at issue, and identifies six different "elements" of financial damages to D&D: (1) balances due under the construction contracts, (2) excess expenses incurred due to field directives, (3) the value of D&D's assets that were allegedly converted by the Board, (4) the loss of bonding capacity and the corresponding profits that

11

would have been realized, (5) legal and professional fees, and (6) expenses incurred in connection with D&D's Chapter 11 bankruptcy filing.  (<u>Id.</u> at 5-6.)  The report, however, does not explain how or why the damages were grouped into these six elements.  Also, the dollar amounts of damages provided in each category are not "complete and detailed," but rather are "vague and sketchy."

The dollar amounts for excess expenses, loss of bonding capacity, and legal and professional fees are incomplete or not up to date.  With respect to excess expenses, the report indicates that $1,175,755.00 in excess expenses have been identified to date, but that Simonds and Federstein are in the process of working with D&D and its outside accountants to identify excess expenses.  (<u>Id.</u> at 6.)  There is, however, no explanation as to what is considered an excess expense, what expenses are included in the $1,175,755.00 figure, or how that figure was calculated.  (<u>Id.</u>)  The same is true of damages attributed to the loss of bonding capacity.  The report indicates that the firm is working with D&D and outside accountants to determine what jobs D&D might have lost due to its lack of bonding capacity, but that "damages are expected to exceed $100,000.00."  (<u>Id.</u> at 8.)  In the bankruptcy expenses category, there is not even a preliminary estimate as to the fees incurred.  The amount of damages related to the Board's alleged conversion

is also incomplete because Simonds and Federstein have not
verified the amounts that D&D reported.  (Id.)  Finally, no
overall total damages amount is provided.

     The report, as required by Rule 26, does list the items that
were relied upon in compiling the report, and Simonds and
Federstein's qualifications, including when they have testified
in previous cases.  The report, however, lacks information
regarding what compensation the experts are receiving for the
report and testimony.  Based on the profiles provided, it is also
uncertain whether the experts have authored any publications.
(Id. at 11-12.)  Overall, most of the damage assessments provided
in the Simonds Report are incomplete, and at least one required
element is absent.  It, therefore, was not clearly erroneous for
the Magistrate Judge to conclude that the Simonds Report failed
to comply with Rule 26.

     D&D has the burden to demonstrate that the failure to comply
with Rule 26 was substantially justified or harmless.  D&D argues
on appeal that "the extensiveness of the defendant's own research
in which they (unsuccessfully) sought to find persuasive
authority for their motions to preclude and the thoroughness of
the plaintiff's responsive brief demonstrates the legitimacy of
the plaintiff's position."  (D&D Br., at 9.)  In its brief
opposing the motion to preclude, D&D does not concede that the
Simonds Report is a preliminary report, but emphasizes that the

Board will not be prejudiced because the Simonds Report is an
initial report that will be supplemented.  (D&D Br. in Opp'n to
Mot. to Preclude, at 6, 15.)  D&D does not offer other
justifications in this appeal.

     D&D has not satisfied its burden of demonstrating that the
Simonds Report's failure to comply with Rule 26 was substantially
justified or harmless.  The extent of research done relating to
the motion to preclude does not explain or provide justification
for the incomplete damage totals or absence of information in the
Simonds Report.  The scheduling order required that "Plaintiff's
expert reports on all liability and damages shall be served no
later than July 15, 2005.  No expert may testify at the time of
trial as to any opinions . . . not substantially disclosed in any
report."  (3-14-05 Scheduling Order.)  Reasonable persons could
not differ as to what the scheduling order required.  While the
Simonds Report was an "initial" report, Rule 26 indicates that
expert reports are to be a "complete statement."  The fact that
D&D stated that the report would be supplemented does not cure
the deficiencies.  As recognized in Sierra Club, allowing
supplementary disclosures is not intended to provide an extension
of the deadline for the "lion's share" of expert disclosures.
See Sierra Club, 73 F.3d at 571.

     "A party may not simply retain an expert and then make
whatever disclosures the expert is willing or able to make

14

notwithstanding the known requirements of Rule 26." <u>Nguyen</u>, 162 F.R.D. at 681.  "[I]t is no longer acceptable to wait until the last minute to retain and prepare experts.  Counsel must be prepared to provide full and meaningful disclosure and discovery at the times required by the rules of procedure and the pretrial scheduling order."  Sullivan v. Glock, Inc., 175 F.R.D. 497, 506 (D. Md. 1997).  The scheduling order initially provided the parties four months to submit their expert reports.  At D&D's request the time period was extended to five months.  (<u>See</u> 3-14-05 Order; 6-27-05 Order.)

D&D argues that many of its "business records" are unavailable to it because they are locked in D&D's trailer that was seized by the Board in February 2003.  (D&D Br., at 5.)[2]  The unavailability of "business records" that pre-date February 2003, however, does not account for the incomplete figures relating to the damages incurred as a result of D&D's bankruptcy filing or legal fees because those fees were incurred after the seizure of the trailer.  Also, it is unclear exactly what documents are being referred to as unavailable due to the seizure, and whether they are documents that are necessary to calculate the other elements of damages.  The report only indicates that Simonds and

_____

[2] The Simonds Report itself does not specifically indicate that this is the reason for the incomplete figures.  The report in the "Background" section that narrates how the cause of action against the Board arose states "[t]hey [the Board] seized D&D's project records and other documents."  (Simonds Report, at 4.)

Federstein are working with D&D personnel and D&D's outside
accountants to calculate the incomplete figures.  (Simonds
Report, at 6-8.)

D&D also has not demonstrated that the omissions from the
Simonds Reports were harmless.  As recognized in <u>Adams</u>, the
insufficiency of the report has deprived the Board of relevant
information relating to damages.  The Board has also incurred
fees and costs to ensure that the D&D's expert report complied
with Rule 26.  <u>See</u> <u>Adams</u>, 29 F.3d at 873-74.  "The omission in
most reports of the basis and reasons for the opinions is hardly
harmless.  Nothing causes greater prejudice than to have to guess
how and why an adversarial expert reached his or her conclusion."
<u>Reed</u>, 165 F.R.D. at 430.

**B.   The Penalty Imposed**

This Court determines that the Magistrate Judge's decision
to preclude the Simonds Report was not clearly erroneous.  The
Magistrate Judge, therefore, had discretion to impose sanctions
pursuant to Rule 37.

**1.   Provision for Attorney Fees**

The Magistrate Judge pursuant to Rule 37 precluded the
Simonds Report, provided D&D with time to submit a new report,
and directed D&D to pay the attorney fees incurred by the Board
as a result of the motion to preclude.  As discussed <u>supra</u>, Rule
37 provides the Court with discretion to craft an appropriate

16

remedy, including the award of attorney fees and costs when
parties have failed to comply with Rule 26.

There was no abuse of discretion on the part of the
Magistrate Judge in awarding attorney fees.  As acknowledged in
the Advisory Committee's Notes to Rule 37, and accompanying case
law, preclusion of evidence is a harsh remedy.  The Magistrate
Judge recognized that the complete preclusion of a damages report
in this action would be severe and "tantamount to summary
judgment."  (11-23-05 Order, at 2.)  The Magistrate Judge,
therefore, devised a sanction that would address the deficiency
of the Simonds Report without creating an unfair advantage for
the Board.  Permitting the submission of a new report cures the
prejudice to the Board that would result from incomplete
information, but does not impair D&D's ability to present
evidence on an important aspect of its case.  Providing fees for
the Board, compensates it for the expenses incurred to secure
adequate discovery.  See e.g, Fitz Inc., 174 F.R.D. at 591
(awarding attorney fees related to a discovery dispute in lieu of
excluding evidence because exclusion would be a "severe sanction"
and because the Rule 26 violation was substantially justified");
Reed, 165 F.R.D. at 431 (ordering defendants to bear the costs of
expert depositions incurred by the plaintiffs, but not barring
the testimony of those experts).

17

D&D argues that the Board should not be awarded attorney fees because the Board's motion failed in its fundamental purpose; precluding D&D from presenting damages evidence. (D&D Br., at 7.) The Board's motion sought "to preclude this report [the Simonds Report] and all expert testimony based thereon," and any expert evidence on the issue of damages. (Board Br. in Supp. of Mot. to Preclude, at 2, 27.) The Board did succeed in precluding the Simonds Report as evidence of damages. The Magistrate Judge's decision to allow D&D to submit a new report did not make the Board less successful, but rather was necessary to prevent an unfairly harsh result to D&D, and to ensure that this case would be "tried on the merits." (See 11-23-05 Order, at 2.)

### 2.   Amount of the Fees

The party seeking attorney fees has the burden to show that the request for fees is reasonable. Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Mosaid Techs. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 596 (D.N.J. 2004). It must submit evidence stating the hours worked and the rates claimed. Id. The opposing party then has the burden to challenge the reasonableness of the requested fee, by affidavit or brief, with sufficient specificity to give notice. Bell v. United Princeton Props., Inc., 884 F.2d 713, 715 (3d Cir. 1989). The Court cannot

18

"decrease a fee award based on factors not raised at all by the adverse party."  Id. at 720; Rode, 892 F.2d at 1183.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Id. (internal quotes omitted).  Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary.  Id.  The Court may reduce the hours claimed when (1) the hours are not adequately documented, (2) a party is not successful on a particular matter, or (3) the matters on which the party was unsuccessful are distinct from those upon which the party did prevail.  Id.  To determine whether the hourly rate is reasonable the Court should look to the prevailing market rate in the relevant community, and the experience and skill of the attorney.  Id.

The Magistrate Judge ordered D&D to pay the Board attorneys $22,530.00.  (3-3-06 Order.)  This Court reviews this award for abuse of discretion.  See 28 U.S.C § 636(b)(1)(A); Cipollone, 785 F.2d at 1113.  The Board attorneys, as directed by the November 2005 order, submitted a certification of services documenting the hours they spent in connection with the motion to preclude the Simonds Report, and the hourly rates charged by each attorney. (Dkt. entry no. 101.)  The attorneys requested fees totaling $32,202.50.  The Magistrate Judge awarded less than requested based on three determinations.  First, the Magistrate Judge

reduced the hourly rate of one of the attorneys because the attorney did not possess as much experience as another attorney that charged the same rate.  (3-3-06 Order, at 2.)  Second, the Magistrate Judge found that the amount of time spent on strategy, research, and writing was excessive, and reduced the reasonable hours expended accordingly.  (Id.)  Third, the Magistrate Judge found that the Board attorneys were not entitled to fees for hours spent analyzing D&D's expert reports because such analysis would have to be conducted regardless of the motion to preclude. (Id. at 3.)

D&D challenges neither a specific entry, nor the hourly rate on appeal, but argues that the March Order should be reversed because "the Board did not meet the burden of demonstrating the reasonableness of its hours and fees, given the rampant over-billing and over-staffing contained therein with no recognition that the motion was only successful in part."  (D&D Br., at 11.) This Court determines that the Magistrate Judge's award of attorney fees was not clearly erroneous or contrary to law.  The Magistrate Judge, consistent with Rode, considered the reasonableness of the hourly rate charged, the hours expended, and the degree of success of the motion and adjusted the original request accordingly.

The March Order, however, will be modified in one respect. The order recognizes that the Board attorneys' original request

was $32,202.50.  The total reduction in fees made by the Magistrate Judge was $10,060.00.  Subtracting $10,060.00 from $32,202.50 yields a total fee award of $22,142.50.  The body of the March Order reflects this amount in the "total fees awarded" column.  (3-3-06 Order, at 4.)  The final sentence of the order, however, reads "IT IS on this 3rd day of March 2006 ORDERED that Plaintiff shall pay Defendants reasonable attorneys' fees. . . in the amount of $22,530.00."  (Id.)  The discrepancy in the two numbers is not explained.  The proper amount of fees to be awarded to the Board attorneys therefore is $22,142.50 because it is the difference between the total amount requested and the deductions specifically enumerated in the body of the order.

**CONCLUSION**

The Magistrate Judge, in deciding the motion to preclude, was vested with discretion to impose sanctions pursuant to Rule 37.  The Magistrate Judge's order here was reasoned and not clearly erroneous.  This Court, therefore, is not inclined to reverse the Magistrate Judge's decision to award attorney fees to the Board.

The Court, for the reasons stated supra, will affirm and modify the March 3, 2006, order of the Magistrate Judge.  The Court will issue an appropriate order.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

21