```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| D&D ASSOCIATES, INC. | : | CIVIL ACTION NO. 03-1026 (MLC) |
| Plaintiff, | : | **O R D E R** |
| v. | : |  |
| THE BOARD OF EDUCATION OF NORTH PLAINFIELD, et al., | : |  |
| Defendants. | : |  |

**THE BOARD OF EDUCATION OF NORTH PLAINFIELD** ("Board") appealing, in effect, pursuant to Federal Rule of Civil Procedure ("Rule") 72 and Local Civil Rule 72.1(c) from an Order of the Magistrate Judge dated February 1, 2007 ("2-1-07 Order") (dkt. entry no. 245) that denied the Board's motion for leave to amend its answer to assert the additional affirmative defense of recoupment (dkt. entry no. 247); and it appearing that a motion for leave to amend an answer is a non-dispositive motion, see, e.g., 28 U.S.C. § 636(b)(1)(A); and it appearing that a district court, in reviewing a magistrate judge's order in a non-dispositive matter, may modify, vacate, or reverse the order only if the order was "clearly erroneous or contrary to law," Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); and it further appearing that (1) "a finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite

and firm conviction that a mistake has been committed,'" <u>Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.</u>, 131 F.R.D. 63, 65 (D.N.J. 1990) (citations omitted), and (2) a ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law, <u>Gunter v. Ridgewood Energy Corp.</u>, 32 F.Supp.2d 162, 164 (D.N.J. 1998); and

 **IT APPEARING** that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires", Fed.R.Civ.P. 15(a); and it further appearing that the Court, in its discretion, may deny a request to amend a pleading if (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) another party would be prejudiced, <u>Hill v. City of Scranton</u>, 411 F.3d 118, 134 (3d Cir. 2005); and

 **THE COURT** noting that (1) the deadline to amend pleadings was June 24, 2005 (dkt. entry no. 81, Scheduling Ord.), (2) the defendants have each moved for summary judgment against the plaintiff  (dkt. entry nos. 138, 140, 141, 143, 231, 232, 233, 236); and the Court further noting that the plaintiff did not consent to the Board amending its answer (dkt. entry no. 245, 2-1-07 Ord., at 1) (noting that the Board sought to amend its

2

answer with the consent of the plaintiff's counsel, but the plaintiff's counsel refused its request); and the Court finding that the Magistrate Judge's conclusions were not clearly erroneous or contrary to law because (1) "this case is poised for final resolution" (dkt. entry no. 245, 2-1-07 Ord., at 3), (2) the Board did not assert a counterclaim of recoupment in the plaintiff's bankruptcy case (id.), (3) the Board did not request discovery in connection with any liquidated damages claim against the plaintiff (id.), and (4) the other parties would be prejudiced if the Board were permitted to amend its answer to add the affirmative defense of recoupment (id.); and the Court having reviewed and considered carefully the papers submitted by the Board and the plaintiff, and the 2-1-07 Order; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and the Plaintiff having failed to demonstrate that the 2-1-07 Order was clearly erroneous or contrary to law; and for good cause appearing;

**IT IS THEREFORE** on this 26th day of April, 2007 **ORDERED** that the Magistrate Judge's Order dated February 1, 2007 (dkt. entry no. 245), from which the defendant North Plainfield Board of Education appeals (dkt. entry no. 247), is **AFFIRMED**; and

**IT IS FURTHER ORDERED** that the appeal (dkt. entry no. 247) should be marked as **TERMINATED**.

                                    s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge