UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                              :
D & D ASSOCIATES, INC.,       :   CIVIL ACTION NO. 03-1026 (MLC)
                              :
        Plaintiff,            :        O R D E R
                              :
        v.                    :
                              :
BOARD OF EDUCATION OF         :
NORTH PLAINFIELD, et al.,     :
                              :
        Defendants.           :
                              :
```

**THE COURT** having entered an Order on April 26, 2007 ("4-26-07 Order") (dkt. entry no. 258) affirming an Order of the Magistrate Judge dated February 1, 2007 ("2-1-07 Order") (dkt. entry no. 245) that denied the Board of Education of North Plainfield's ("Board") motion to amend its answer to assert the additional affirmative defense of recoupment (dkt. entry no. 229); and the Court, in the 4-26-07 Order, finding that the Magistrate Judge's conclusions were not clearly erroneous or contrary to law because (1) "this case is poised for final resolution" (4-26-07 Ord., at 3), (2) the Board did not assert a counterclaim of recoupment in the plaintiff's bankruptcy case (id.), (3) the Board did not request discovery in connection with any liquidated damages claim against the plaintiff (id.), and (4) the other parties would be prejudiced if the Board were permitted to amend its answer to add the affirmative defense of recoupment

(id.); and the Board now moving under Local Civil Rule 7.1(i) for reconsideration of the 4-26-07 Order (dkt. entry no. 259); and the Court deciding the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78, L.Civ.R. 7.1(i); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000), and is granted "very sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Arista Recs., Inc. v. Flea World, 356 F.Supp.2d 411, 415 (D.N.J. 2005), or advise of "an intervening change in the law," P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001); and it appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc., 356 F.Supp.2d at 416, see Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it has already considered in reaching its original decision"), Auerbach v. Kantor-Curley Ped. Assocs., No. 01-854, 2004 WL 3037943, at *1 (E.D. Pa. Dec. 30, 2004) (noting that the motion is not to be used to relitigate old issues,

advance new theories, or secure a rehearing on the merits), or
(2) the apparent purpose of the motion is for the movant to
express disagreement with the Court's initial decision, Tehan,
111 F.Supp.2d at 549; and it further appearing that the movant
must raise controlling facts or dispositive case law overlooked
by the Court in rendering a decision, and concisely specify the
suspect aspects of the decision with particularity, Ciba-Geigy
Corp. v. Alza Corp., No. 91-5286, 1993 WL 90412, at *1-*2 (D.N.J.
Mar. 25, 1993); and thus, the Court noting that it will only
reconsider a judgment or order "when dispositive factual matters
or controlling decisions of law were brought to [its] attention
but not considered", Cendant Corp., 161 F.Supp.2d at 353
(internal quotations and citations omitted); and

**THE COURT** having reviewed both the Board's arguments in
support of the motion and the plaintiff's arguments opposing the
motion; and the Board asserting that (1) the Order of the
Magistrate Judge was a dispositive ruling, since it had the
effect of precluding the Board "from ever raising the recoupment
defense in any forum," and thus should have been reviewed de novo
rather than under a clearly erroneous standard, (2) Fed.R.Civ.P.
15(a) permits amendments unless "substantial and undue prejudice"
would result, and there was no finding by either the Magistrate
Judge or this Court of "substantial" or "undue" prejudice to any

3

party, (3) this action is not "poised for final resolution" as stated by the Magistrate Judge, (4) the Board's recoupment defense was preserved when the plaintiff consented to the Board preserving its arbitration claims, and (5) the Court did not consider authority holding that the "right to assert the recoupment defense elsewhere or at a later date" is not forfeited or weakened by the Board's "strategic decision to not file a claim against [the plaintiff] in bankruptcy" (Board's Br., at 1-2); and the Court determining that the Board has not established that the Court made "manifest errors of law" or that there were "dispositive factual matters" or "newly discovered evidence" not considered, see Arista Recs., Inc., 356 F.Supp.2d at 415, Cendant Corp., 161 F.Supp.2d at 353; and thus, the Court intending to deny the motion; and for good cause appearing;

4

**IT IS THEREFORE** on this       19th        day of June, 2007,

**ORDERED** that the motion by the defendant Board of Education of

North Plainfield under Local Civil Rule 7.1(i) (dkt. entry no.

259) is **DENIED.**


                                                   __  s/ Mary L. Cooper_____
                                                 **MARY L. COOPER**
                                               United States District Judge