NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| D&D ASSOCIATES, INC., | : | Civil Action No. 03-1026 (MLC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NORTH PLAINFIELD BOARD OF | : | **M E M O R A N D U M** |
| EDUCATION, et al., | : | **O P I N I O N** |
| | : | and |
| Defendants. | : | **O R D E R** |

**HUGHES, U.S.M.J.**

### I.    INTRODUCTION

This matter comes before the Court upon Motion by Defendant North Plainfield Board of Education to join American Motorists Insurance Company ("AMIC") as a party to this litigation [dkt. entry no. 274], returnable February 19, 2008.  Plaintiff filed opposition to this motion on February 12, 2008, and Defendant replied on February 28, 2008.  The issues before the Court are (1) whether AMIC is a "necessary party" pursuant to Federal Rule of Civil Procedure 19(a); (2) whether Defendant's Motion to Amend the Complaint is untimely, prejudicial, and futile; and (3) whether the Court should defer to the New Jersey Superior Court proceedings, which have been ongoing since 2005.  For the reasons stated herein, Defendant's Motion is denied.[1]

---

[1] The Court notes that Defendant withdrew the portion of the motion seeking disgorgement of the portion of funds paid to AMIC, but has not filed a proposed revised Amended Complaint pursuant to Federal Rule of Civil Procedure 15. (*See* Vogt Ltr. dated March 25, 2008.)  However, because attorneys' fees here, in the Court's view, seem to envelop the value of this case, the Court will nevertheless decide this motion pursuant to Federal Rule of Civil Procedure 1.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background

In this litigation, Plaintiff seeks to recover from Defendant the contract balances allegedly owed to it in connection with its work on a school construction project in North Plainfield ("The Project").  (Def.'s Br. at 1.)  By this motion, Defendant seeks to join AMIC as a party to this matter as well as assert affirmative defenses against it.

AMIC, the surety for the Project which came in to complete it after Plaintiff was terminated, has alleged in the Superior Court of New Jersey that Plaintiff has assigned and subrogated its right to the Project and that AMIC – and not the Plaintiff – is entitled to recover the same contract balances.  *Id.*  Specifically, on April 12, 2005, AMIC filed an action entitled *American Motorists Insurance Company v. North Plainfield Board of Education* (SOM-L-543-05) which is pending in the Superior Court of New Jersey, Somerset County.  That action, by Defendant's own admission, is based on the same underlying facts as this litigation, and AMIC is seeking recovery for the very same balances it claims to be due to Plaintiff in this case.  *Id.* at 6; Epstein Decl., ¶ 12, Ex. 5.  Specifically, in the state court action, AMIC asserts that "[u]nder the terms of the parties' agreements, and as a matter of law, [AMIC] was subrogated to and had been assigned all of D&D's rights in and to the contract balances [and] any other funds due or to become due to D&D in connection with the D&D Contracts . . ." *Id.*

### B.     Procedural Background

On July 2, 2003, the Court issued an Order setting the deadline for the amendment of the pleadings on January 9, 2004.  (*See* Pl.'s Opp'n Br. at 1.)  That date was later extended to June 24, 2005.  *Id.*  Defendant never sought to amend or extend the June 24, 2005 Order until now,

nearly three (3) years later and four-and-a-half (4.5) years after the suit commenced.

In December 2005, Zurich American Insurance Company, insurer to Defendant, sought to intervene in this action because of its concern that the Board was allowing itself to be represented by a co-defendant, Robert Epstein, who Plaintiff has also indicated was a witness and the individual whose direct actions were the cause of many of the claims against the Board. *Id.* at 5. Both Defendant and Mr. Epstein filed opposition to the motion to intervene, arguing that "the Court must determine timeliness from a totality of the circumstances, considering as one factor the point to which the litigation has progressed." (*See* Epstein Opp'n Br. to Mot. to Intervene, at 2.) The Court denied the motion to intervene because it was untimely.

Further, on February 12, 2007, the Court denied Defendant's Motion to Amend its Answer to assert a recoupment defense. This decision was affirmed by Judge Cooper who stated that Defendant's motion was untimely, prejudicial, in violation of the prior scheduling orders, and barred by prior bankruptcy and other proceedings. (Pl.'s Opp'n Br. at 5.) As such, Plaintiff argues that this current motion to join is as untimely, prejudicial, and in violation of prior scheduling orders as was Defendant's Motion to Amend its Answer to assert the recoupment defense. Specifically, Plaintiff points out that Defendant has contended since 2003, both in this Court, the state court, and the now-concluded Bankruptcy Court case, that AMIC, and not Plaintiff, own the claims. *Id.* Yet, even after extensive briefing on this issue in the summary judgment motions, Defendant did not seek to join AMIC until now. Moreover, since 2005, Defendant has been litigating with AMIC in a separate, already-in-progress Superior Court case

over the exact same project which is the subject of this case. *Id.* at 1-2.[2]

## III.   DISCUSSION

Defendant's Motion to Join AMIC is denied.  AMIC is not a necessary party pursuant to Federal Rule of Civil Procedure 19(a) because sureties are not considered "necessary".  Furthermore, Defendant's Motion is untimely, highly prejudicial to Plaintiffs, a waste of judicial resources, and futile.  Finally, because this issue is being litigated – and has been litigated since 2005 – in the New Jersey Superior Court, the Court will not join AMIC because it would create duplicative litigation.  Each issue will be discussed below.

A.   <u>Federal Rule of Civil Procedure 19(a)</u>

The Court finds that AMIC is not a necessary party pursuant to Federal Rule of Civil Procedure 19(a).

Pursuant to Federal Rule of Civil Procedure 19(a)(1),

"a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a).  The rule "seeks to avoid unnecessary, multiple litigation, to provide complete relief to the parties before the court, and to protect the rights and interests of absent parties."  *CBS, Inc. v. Film Corp. of Am.*, 545 F. Supp. 1382, 1389 (E.D. Pa. 1982).

---

[2] The Honorable Victor Ashrafi, J.S.C. is handling the New Jersey Superior Court actions.  Judge Ashrafi is the author of several noted opinions on New Jersey public school construction law related suretyship issues.

4

The Third Circuit Court of Appeals has repeatedly held that simply because a party has a right to contribution or indemnity from a non-party does not render the latter indispensable under Rule 19.  *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306 (3d Cir. 2007).  The rule has been specifically applied in the surety context to find that a surety and its principals are not necessary parties to payment claims or bond claims.  *Gateco, Inc. v. Safeco Ins. Co. of Am.*, 2006 WL 1118047 (E.D. Pa. 2006).

Here, the Court notes that if AMIC was truly a necessary party, they would have been brought in the case sometime before 2008, four-and-a-half (4.5) years after the initial filing of the Complaint.  AMIC is a surety to the project and, as noted in *Gateco*, is not considered a necessary party pursuant to Rule 19(a).

B.      Federal Rules of Civil Procedure 14(a) and 15(a)

In the alternative, the Court also finds that Defendant's Motion to Amend the Complaint to Join AMIC is untimely, unduly prejudicial to Plaintiff, and would be a colossal waste of both judicial resources and the parties' financial resources.

The standard used to decide if leave should be granted to file a late Third Party Complaint pursuant to Federal Rule of Civil Procedure 14(a) is similar to the standard used to determine whether to permit the amendment of a pleading pursuant to Federal Rule of Civil Procedure 15(a).  *See Ryan v. Collucio*, 183 F.R.D. 420, 423 (D.N.J. 1998).  Leave is only given in the absence of undue or unexplained delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowing the amendment; or futility of the amendment.  *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 1994).  A motion to amend to join an allegedly necessary

party is reviewed under the same standards as other motions to amend, including the standards for denying them as untimely.  *See Kelly v. MBNA Am. Bank*, 2008 WL 54305 (D. Del. 2008).

The Court recently decided this issue in a case that involved a dispute with an extensive motion history and a parallel state proceeding between the parties.  *Wai Yip Intern. Corp. v. JAAM, LLC*, 2007 WL 4200459 (D.N.J. 2007).  The Court reviewed Plaintiff's motion to amend the pleading a year after the federal complaint had been filed, and after an Order had been issued noting various evidentiary deficiencies in Plaintiff's case.  In order to indirectly cure these deficiencies, Plaintiff filed a motion to add a third party.  The Court denied the motion for joinder reasoning that a third party would be prejudicial because "granting the motion would further muddle [the] litigation."  *Id.*

Here, Defendant's Motion to join AMIC is out of time, unduly prejudicial to Plaintiff, and futile because this issue is being litigated in state court.  Like *Wai Yip*, this case has had an extensive motion history as well as a parallel state proceeding between the parties.

   i.  *Out of Time*

Unlike *Wai Yip*, which sought to join third parties one year after the case was originally filed, here almost *five years* have elapsed since the filing of the original Complaint.  (Def.'s Opp'n Br. at 7) (emphasis added).  Moreover, cross-motions for summary judgment have been decided, the Court has closed the parties' main discovery, a mediation is currently in progress, and the case awaits trial unless there is settlement.  Amending the Pleadings was originally set to expire on January 9, 2004.  Although the Court extended that deadline until June 24, 2005, no further extensions of time to amend the pleadings were sought by any parties involved in the litigation.  Thus, the Court finds that this Motion is untimely.

In 2006, two years ago, a similar motion was filed in this case.  Specifically, the Board's insurer, Zurich, filed a Motion to Intervene and join in this litigation.  The Court denied that Motion as untimely and prejudicial because Zurich was aware of its potential claims as far back as 2003. [Dkt. entry no. 120.] Additionally, on February 12, 2007, over a year ago, the Court denied Defendant's Motion to Amend its Answer to assert the recoupment defense.  In denying the motion, the Court reasoned that the motion was untimely, prejudicial, in violation of the prior scheduling orders, and barred by the prior bankruptcy and other proceedings.  That decision was affirmed on appeal.

Defendants have been in a separate litigation with AMIC since 2005 and made the choice to litigate those issues in state court as opposed filing this motion in a timely fashion.  Accordingly, this Motion to Amend will be denied as untimely.

ii.    *Undue Prejudice & Waste of Judicial Resources*

The Court finds that Defendant's motion, if granted, would unduly prejudice the parties in this more than four-and-a-half (4.5) year old litigation and would also waste judicial resources.  If the Court granted this motion, at a minimum, there would be a month of delay in the proceedings for service and process.  In reality, however, AMIC would likely file a motion for dismissal.  AMIC would be entitled to full discovery to defend itself against the claims from the Board as well as advance any of its own claims against the Board.  This discovery would include multiple documents requests, depositions, interrogatories, and, possibly, expert discovery.

Simply put, granting this motion would yield extensive briefing and additional months of review, all of which would be unrelated to the actual merits of the existing claims and defenses.

iii.   *Duplicative Litigation; Futility*

As further illustrated below, the Court finds that it would be futile to join AMIC at this time since they have an ongoing case in the Superior Court of New Jersey, which was filed in 2005.  It would be a waste of the state court's resources, this Court's resources, and the parties financial resources to join AMIC and bring about a third installment of the D&D Litigation.

C.   Abstention

Since Defendant's motion is denied because AMIC is neither a necessary party nor is the motion timely filed, the Court does not need to decide the abstention issue.  However, the Court notes that it is in the interest of wise judicial administration to defer to the New Jersey Superior Court since they have been adjudicating this issue between the parties since 2005.  New Jersey has an extraordinary interest in protecting the interests of licensed insurers and sureties who complete public projects and enforcing their rights to be paid, including their rights to be paid by the public body.  To be sure, New Jersey has codified a detailed statutory scheme addressing this point.  *See* N.J.S.A. 17:30C-1, et seq.

AMIC, which is not seeking to intervene in this litigation, entered into three separate Takeover Agreements with respect to the completion of the work at the schools after D&D's termination.  (Pl.'s Opp'n Br. at 11.)  In the Bankruptcy Court, AMIC supported D&D's motion to assume its contracts and distribute trust funds to unpaid subcontractors and suppliers. (AMIC's Ltr. Mem. dated Nov. 12, 2003 in *In re D&D Assoc., Inc.* (Bankruptcy Court, D.N.J.), Case No. 03-37177 (KCF).)  AMIC neither claimed any right in D&D's affirmative defenses asserted against the Board nor sought to exercise any "assignment" of D&D's claims pursuant to the Indemnity Agreement.  *Id.* at 11-12.  AMIC's position was – and is – that D&D is entitled to

assert its affirmative claims, so long as the surety's interests as subrogated payment and performance bond surety in any recovery by D&D are recognized – a position that D&D has not disputed.  Therefore, since AMIC is proceeding in state court and is not taking a position in this motion, the Court's decision to denying Defendant's motion to join AMIC is an exercise of wise judicial discretion.

**IV.      CONCLUSION**

For the reasons stated above, Defendant's Motion to Join AMIC is denied.  AMIC is not a necessary party, Defendant's motion is untimely, and it is in the interest of wise judicial administration that this Court abstain from deciding whether AMIC or D&D is entitled to recover the contract balances.  Therefore,

**IT IS** on this 27th day of May, 2008;

**ORDERED** that Defendant's Motion to Join AMIC [dkt. entry no. 274] is **DENIED**; and it is

**FURTHER ORDERED** that, in order to conserve legal fees, the time to appeal this order is extended until thirty (30) days after the Court has been advised the pending Mediation has concluded.

s/ *John J. Hughes*_____
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**

**Dated:** May 27, 2008