**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| D&D ASSOCIATES, INC., | CIVIL ACTION NO. 03-1026 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| BOARD OF EDUCATION OF NORTH PLAINFIELD, et al., |  |
| Defendants. |  |

**THE COURT** having issued a Memorandum Opinion and an Order and Judgment on December 20, 2007 ("12-20-07 Memorandum Opinion and Order") that, <u>inter alia</u>, denied a motion for summary judgment by defendant Robert C. Epstein ("Epstein") to the extent it sought summary judgment in his favor on counts 2, 10, and 11 of the Amended Complaint (dkt. entry no. 264, 12-20-07 Mem. Op.; dkt. entry no. 265, 12-20-07 Order & J.); and Epstein moving for reconsideration of the 12-20-07 Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 7.1(i) (dkt. entry no. 301, Mot. for Recons.); and plaintiff opposing the motion (dkt. entry no. 305, Pl. Br.); and

**THE COURT** noting that Federal Rule of Civil Procedure 54(b) provides that where an action involves more than one claim for relief or multiple parties, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed.R.Civ.P. 54(b); and the Court also noting that there is an exception to Local Civil Rule 7.1(i), which requires a movant to file a motion for reconsideration within ten business days after entry of the order, where the motion for reconsideration is based on an intervening change in the controlling law, Thomas & Betts Corp. v. Richards Mfg. Co., No. 01-4677, 2008 WL 2478337, at *3 (D.N.J. June 18, 2008); Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F.Supp.2d 394, 401 (D.N.J. 2000); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear

liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed.R.Civ.P. 54(b); and the Court also noting that there is an exception to Local Civil Rule 7.1(i), which requires a movant to file a motion for reconsideration within ten business days after entry of the order, where the motion for reconsideration is based on an intervening change in the controlling law, Thomas & Betts Corp. v. Richards Mfg. Co., No. 01-4677, 2008 WL 2478337, at *3 (D.N.J. June 18, 2008); Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc., 87 F.Supp.2d 394, 401 (D.N.J. 2000); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows at least one of the following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear

error of law or fact or to prevent manifest injustice, id.; Cataldo, 361 F.Supp.2d at 432-33; and it also appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision."), or (2) the apparent purpose of the motion is for the movant to express disagreement with the Court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the Court, Mauro v. N.J. Sup. Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**EPSTEIN** now arguing that an intervening change in the controlling law warrants reconsideration of the 12-20-07 Memorandum Opinion and Order (dkt. entry no. 301, Epstein Br. at 1, 9-17); and Epstein identifying the recent decision of the Superior Court of New Jersey's Committee on Opinions to approve for publication a 2007 decision by the Chancery Division in New Jersey Sports Productions, Inc. v. Bobby Bostick Promotions, LLC, C-397-06 (N.J. Ch. Div.) as that intervening change in the

3

controlling law (id. at 1), see N.J. Sports Prods., Inc. v. Bobby Bostick Promotions, LLC, 963 A.2d 890 (N.J. Super. Ct. 2007);[1] and Epstein arguing that the Bobby Bostick Promotions decision held that the attorney litigation privilege applies to pre-litigation letters, such as those the Court determined were not privileged in the 12-20-07 Memorandum Opinion and Order (Epstein Br. at 9); and

**PLAINTIFF** asserting in opposition that the Bobby Bostick Promotions decision is not an intervening change in the controlling law (Pl. Br. at 6-9); and plaintiff arguing that the Bobby Bostick Promotions decision is not binding on this Court (id. at 8-9); and

---

[1] Epstein has also submitted a recent decision of the New Jersey Appellate Division as pertaining to and providing further support for the motion.  (Dkt. entry no. 311, 3-23-09 Letter.)  Rabinowitz v. Wahrenberger, No. 1626-07, 2009 WL 722720 (N.J. App. Div. Mar. 20, 2009).  The Court notes that, absent a court order, reply papers are not permitted on a motion for reconsideration.  L.Civ.R. 7.1(d)(3).  The Court, however, considered the Rabinowitz decision and concluded that, even assuming arguendo that it is controlling law, it is factually distinguishable.

The statements at issue in Rabinowitz were made by an attorney while conducting a deposition in the underlying action.  Rabinowitz, 2009 WL 722720, at *1-*2, *4-*5.  Here, Epstein's statements at issue were not made during a deposition.  Furthermore, the Rabinowitz Court's discussion of the attorney litigation privilege did not change the law, but merely discussed the same case law this Court considered in reaching its decision in the 12-20-07 Memorandum Opinion and Order.  See id. at *3-*5.

4

**THE COURT** concluding that the <u>Bobby Bostick Promotions</u> decision is not "an intervening change in the controlling law" such as to warrant reconsideration of the 12-20-07 Memorandum Opinion and Order, <u>see</u> <u>Max's Seafood Cafe</u>, 176 F.3d at 677; and the Court emphasizing that in determining the applicability of the state law attorney litigation privilege in this case, it is not bound by a state trial court decision, <u>see</u> <u>Nat'l Sur. Corp. v. Midland Bank</u>, 551 F.2d 21, 28 (3d Cir. 1977) (recognizing that in determining questions of state law, decisions by lower state courts, unlike holdings of the state's highest court, are not binding on a federal court); and the Court noting that a decision that is not controlling precedent is not an intervening change in the controlling law for purposes of a motion for reconsideration, <u>see</u> <u>United States v. Manzo</u>, No. 97-289, 2006 WL 2845763, at *7 (D.N.J. Sept. 29, 2006) (concluding that a decision by the Court of Appeals for the Tenth Circuit was not an intervening change in the controlling law because it was not controlling precedent), <u>amended on other grounds on reconsideration by</u> 2007 WL 1038593 (D.N.J. Mar. 30, 2007); <u>see also</u> <u>Engers v. AT&T</u>, No. 98-3660, 2006 WL 3626945, at *2 (D.N.J. Dec. 12, 2006) (emphasizing that movant did not cite any authority from the Court of Appeals for the Third Circuit or the United States Supreme Court in finding movant did not identify an intervening change in controlling

law); and the Court thus concluding that the Bobby Bostick Promotions decision, as a state trial court decision, is not "controlling law" for purposes of this motion; and

**THE COURT** further concluding that the Bobby Bostick Promotions decision is not an "intervening" change as it was decided on May 25, 2007, almost seven months before the Court issued the 12-20-07 Memorandum Opinion and Order, and six days before Source Entm't Group, LLC v. Baldonado & Assocs., P.C., No. 06-2706, 2007 WL 1580157 (D.N.J. May 31, 2007) was decided, a decision upon which the Court relied in determining the attorney litigation privilege does not apply in this case (see 12-20-07 Mem. Op. at 53 n.13, 64 n.16; 12-20-07 Order & J.), see Bobby Bostick Promotions, 963 A.2d at 890; see also Marracco v. Kuder, No. 08-713, 2009 WL 235469, at *4 (D.N.J. Jan. 30, 2009) (finding a decision was not a "change in the intervening law" where the decision was rendered before court issued the order at issue in the motion for reconsideration); and the Court also concluding that the Bobby Bostick Promotions decision is not a "change" in the law as it merely clarifies, rather than changes, the existing law, see In re Intelligroup Secs. Litig., 527 F.Supp.2d 262, 381 (D.N.J. 2007) (stating that a decision that "clarifies-rather than alters the existing legal regime-cannot qualify as an intervening change in the law"); see also Thomas & Betts Corp.,

2008 WL 2478337, at *3-*4 (finding no "intervening change in the controlling law" where the court's analysis was "entirely in accord" with the intervening decision by the Court of Appeals for the Third Circuit); and thus the Court concluding that the Bobby Bostick Promotions decision is not an "intervening change in the controlling law" sufficient to warrant reconsideration of the 12-20-07 Memorandum Opinion and Order; and

**THE COURT** finding that Epstein does not argue for reconsideration based on availability of new evidence or the need to correct clear error or manifest injustice (see Epstein Br.), see Max's Seafood Cafe, 176 F.3d at 677; and the Court finding that Epstein has not shown an intervening change in the controlling law, see Max's Seafood Cafe, 176 F.3d at 677; and the Court concluding that reconsideration of the 12-20-07 Memorandum Opinion and Order is therefore inappropriate; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7.1(i); and the Court thus intending to deny the motion; and for good cause appearing, the Court will issue an appropriate Order.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated: March 30, 2009