**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| D&D ASSOCIATES, INC., | : | CIVIL ACTION NO. 03-1026 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| THE BOARD OF EDUCATION OF NORTH PLAINFIELD, et al., | : |  |
| Defendants. | : |  |

**DEFENDANT**, the Board of Education of North Plainfield, appealing pursuant to Federal Rule of Civil Procedure ("Rule") 72 and Local Civil Rule 72.1(c) from an order of the Magistrate Judge filed on February 27, 2009 ("2-27-09 Order"), inter alia, granting plaintiff's motion to preclude defendant's expert reports (dkt. entry no. 304, 2-27-09 Order); and it appearing that court rulings precluding expert reports are not dispositive, and thus, may be entered by a magistrate judge, see 28 U.S.C. § 636(b)(1)(A); and

**IT APPEARING** that a district court, in reviewing a magistrate judge's order in a non-dispositive matter, may modify, vacate, or reverse the order only if the order was "clearly erroneous or contrary to law," Jackson v. Chubb Corp., 45 Fed.Appx. 163, 166 n.7 (3d Cir. 2002); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986); and it further appearing that (1) "a finding is clearly erroneous when although

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quotation and citation omitted), and (2) a ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law, Gunter v. Ridgewood Energy Corp., 32 F.Supp.2d 162, 164 (D.N.J. 1998); and it further appearing that "[u]nder the clearly erroneous standard of review, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently," Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007) (internal quotations omitted); and

**THE COURT** noting that Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," Fed.R.Civ.P. 37(c)(1); and the Court acknowledging that to determine if an expert report should be excluded as a discovery sanction, a court must consider

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases

>    in the court, and (4) bad faith or wilfulness in
>    failing to comply with the district court's order

Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (internal quotation omitted); In re Mercedes-Benz Anti-Trust Litig., 225 F.R.D. 498, 506 (D.N.J. 2005); and the Court recognizing that the importance of the excluded testimony should also be considered, Konstantopoulos, 112 F.3d at 719; and the Court noting the aversion of the Third Circuit Court of Appeals to the exclusion of important testimony as a discovery sanction without evidence of bad faith on the part of the proponent of that testimony, or incurable prejudice to the opposing party because use of the evidence is imminent or in progress, see In re Mercedes-Benz, 225 F.R.D. at 504-05; Fitz, Inc. v. Ralph Wilson Plastics Co., 184 F.R.D. 532, 536 (D.N.J. 1999); and

**THE COURT FINDING** that the Magistrate Judge's conclusions were not clearly erroneous or contrary to law because (1) the expert reports were deficient under Rule 26(a)(2)(B) (see 2-27-09 Order at 4), (2) plaintiff would be prejudiced if the expert reports were admitted (see id.), and (3) the expert reports, which assert liquidated damages against plaintiff, contravene the Court's prior decisions repeatedly rejecting defendant's attempts to amend its Answer to plead set off or recoupment claims against plaintiff (see id. at 3-4); and the Court also finding that (1) the 2-27-09 Order "appears to have been a rational exercise of the magistrate[] [judge's] discretion," Wortman, 2007 WL 2375057,

at *2, and (2) the Magistrate Judge did not commit any mistake, or misinterpret or misapply any applicable law in issuing the 2-27-09 Order, see Gunter, 32 F.Supp.2d at 164; and the Court therefore determining that the 2-27-09 Order was not clearly erroneous or contrary to law; and the Court having reviewed and considered carefully the papers submitted by the parties and the 2-27-09 Order; and the Court having considered the matter without oral argument pursuant to Rule 78(b); and for good cause appearing, the Court will issue an appropriate order.[1]

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated: April 28, 2009

---

[1] The Court finds defendant's argument that the 2-27-09 Order is tainted with the appearance of bias, based on the Magistrate Judge's statement that defendant "has unlimited funds," to be completely without merit. (See Def. Br. at 29-30; 2-27-09 Order at 3.) Defendant does not identify any extrajudicial source of bias, nor does defendant cite any opinions or remarks by the Magistrate Judge that reveal "a 'deep-seated' or 'high degree' of 'favoritism or antagonism that would make fair judgment impossible.'" See United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007). Further, mere expressions of frustration or impatience do not establish bias. See id. at 220.