**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| D&D ASSOCIATES, INC., | : | CIVIL ACTION NO. 03-1026 (MLC) |
| | : | |
| Plaintiff, | : | **O P I N I O N** |
| | : | |
| v. | : | |
| | : | |
| BOARD OF EDUCATION OF NORTH | : | |
| PLAINFIELD, et al., | : | |
| | : | |
| Defendants. | : | |

**THE COURT** having issued a Memorandum Opinion and an Order and Judgment on March 30, 2012 ("3-30-12 Memorandum Opinion and Order") that, <u>inter alia</u>, denied a motion for summary judgment in favor of the plaintiff, D&D Associates, Inc. ("D&D") and granted a motion for summary judgment in favor of the defendant Board of Education of North Plainfield (the "Board"), on D&D's claim for breach of contract against the Board (dkt. entry no. 442, 3-30-12 Mem. Op. at 59-72; dkt. entry no. 443, 3-30-12 Order & J.); and D&D moving to alter or amend that judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and/or 60(b) (dkt. entry no. 448, Mot. for Recons.; dkt. entry no. 461, D&D Supp'l Br.); and the Board opposing the motion (dkt. entry no. 462, Board Opp'n); and the Court construing the motion as one for reconsideration, pursuant to Local Civil Rule 7.1(i); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," <u>Tehan v. Disab. Mgmt.</u>

Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is
granted "very sparingly," Cataldo v. Moses, 361 F.Supp.2d 420,
433 (D.N.J. 2004); and it appearing that its purpose is to
correct manifest errors of law or present newly discovered
evidence, Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,
176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a
court may grant a motion for reconsideration if the movant shows
one of the following: (1) an intervening change in controlling
law, (2) the availability of new evidence that was previously
unavailable, or (3) the need to correct a clear error of law or
fact or to prevent manifest injustice, id.; Beety-Monticelli v.
Comm'r of Soc. Sec., 343 Fed.Appx. 743, 747 (3d Cir. 2009); and
it also appearing that reconsideration is not warranted where (1)
the movant merely recapitulates the cases and arguments
previously analyzed by the court, Arista Recs., Inc. v. Flea
World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also
Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will
not be granted where a party simply asks the court to analyze the
same facts and cases it had already considered . . . ."), or (2)
the apparent purpose of the motion is for the movant to express
disagreement with the court's initial decision, Tehan, 111
F.Supp.2d at 549; and it further appearing that such a motion
should only be granted where facts or controlling legal authority
were presented to, but not considered by, the court, Mauro v.
N.J. Supreme Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

2

**D&D ARGUING** that the Court did not properly consider the
legal effect of D&D's bankruptcy reorganization plan (the "Plan")
in holding that D&D had assigned its right to bring a breach of
contract claim to its surety, American Motorists Insurance
Company ("AMIC") by means of a General Indemnity Agreement
("GIA"), and thus could not assert such a claim against the Board
in this action (D&D Supp'l Br. at 2); and D&D arguing that the
Plan "constitutes a consensual modification of the [GIA]," was
ratified by the Bankruptcy Court through the confirmation
process, and "is a modification of the so-called 'automatic
assignment' provision on which both the Board in its argument,
and the Court in its ruling, relied" (id. at 6-7); and D&D
providing the Declaration of Carol Knowlton, former lead
bankruptcy counsel to D&D, to support D&D's contention that both
D&D and AMIC intended for the Plan to "acknowledge the
understanding between AMIC and D&D to permit D&D to proceed with
its existing lawsuit [against the Board] in order to fund the
Plan" (dkt. entry no. 461-1, Knowlton Decl. at ¶ 4)); and

**D&D URGING** in its reply brief that the Court should (1)
exercise its supplemental jurisdiction to reconsider the merits
of its decision entering judgment in favor of D&D on the breach
of contract claim, (2) "reopen the dismissal of Count VIII," and
(3) direct that the breach of contract claim "be continued in

Superior Court pursuant to" 28 U.S.C. § 1367(d) (dkt. entry no. 463, D&D Reply Br. at 4); and

**THE BOARD ASSERTING** in opposition that (1) D&D offers no new additional facts or evidence concerning the Plan, but merely reiterates facts that were previously before the Court; (2) D&D now raises for the first time its argument that the Plan serves as a contractual modification of the GIA, despite having ample opportunity to have done so in the past several years of dispositive motion practice, and thus its argument may not be properly brought now in a motion for reconsideration; and (3) even if D&D's argument is considered on its merits, the Plan does not have the legal effect D&D argues it does (Board Opp'n at 1-2); and the Board further arguing that the Plan does not constitute "new evidence," insofar as it has been in place since 2003 (id. at 4); and the Board arguing that the Court did, in fact, consider D&D's bankruptcy proceedings in the course of resolving the motions for summary judgment, specifically, the proof of claim filed by AMIC in those proceedings (id.; 3-30-12 Mem. Op. at 68-69); and

**THE COURT** having carefully reviewed the arguments of the parties; and it appearing that D&D's motion for reconsideration does not rest upon either an intervening change in controlling law or the availability of new evidence that was previously unavailable, but falls within "the need to correct a clear error

4

of law or fact or to prevent manifest injustice" paradigm; and it further appearing that D&D did not raise its argument that the Plan modified the GIA in either its brief in support of its motion for summary judgment on Count VIII (breach of contract) or its reply brief on that motion, which responded to the Board's opposition, which made the GIA assignment argument ultimately adopted by the Court (see dkt. entry no. 351, Pl. Count VIII Br.; dkt. entry no. 371, Board Opp'n to Pl. Count VIII Mot. at 16-19; dkt. entry no. 386, Pl. Count VIII Reply Br. at 9-11); and it further appearing that D&D did not raise this argument in its opposition to the Board's motion for summary judgment on Count VIII (see dkt. entry no. 348, Board Br. Supp. Summ. J. at 35-41; dkt. entry no. 381, D&D Opp'n to Board Mot. for Summ. J. (containing no mention of either the breach of contract claim, or the Plan, except insofar as D&D argues at page 8 of that brief that the Board was re-arguing its point that the Board was improperly attempting "to argue that D&D's right to payment was eliminated by the Board through its Takeover Agreement with D&D's surety"); dkt. entry no. 389, Board Reply Br. Supp. Summ. J. at 28-30; see generally 3-30-12 Mem. Op. at 69 (identifying arguments made by D&D in opposition to the Board's position regarding the effect of the GIA assignment)); and it therefore appearing that the current motion should not be granted, insofar as D&D fails to base the motion on facts or controlling legal

authority that were presented to, but not considered by, the Court, <u>Mauro</u>, 238 Fed.Appx. at 793; <u>see also</u> <u>Tischio v. Bontex, Inc.</u>, 16 F.Supp.2d 511, 533 (D.N.J. 1998); and

**THE COURT** further noting that D&D cites no legal authority for the proposition that a confirmed Bankruptcy Plan modifies a General Indemnity Agreement with respect to an assignment of rights that had already been triggered before the bankruptcy petition was filed (<u>see</u> 3-30-12 Mem. Op. at 32, 63-65; <u>see also</u> D&D Supp'l Br. at 6 (asserting without citation that the Plan is "fundamentally, an agreement between D&D as debtor and [AMIC] as surety" and "constitutes a consensual modification of the [GIA]"); <u>id.</u> at 7-10 (citing no cases involving reorganization plans as "supplements" or "modifications" to contracts); <u>cf.</u> Board Opp'n at 7-11); and the Court having considered the Plan when deciding the motions for summary judgment (<u>see</u> 3-30-12 Mem. Op. at 32-33, 68-69); and it appearing that D&D is merely asserting its disagreement with the Court's decision, <u>see</u> <u>Tehan</u>, 111 F.Supp.2d at 549; and

**THE COURT** declining to either "reopen the dismissal of Count VIII" or order that the breach of contract claim be remanded to state court to be tried alongside the remaining state law claims, insofar as D&D recognizes that the exercise of supplemental jurisdiction is entrusted to the discretion of the Court (D&D Reply Br. at 5); and

6

**THE COURT** concluding that reconsideration of the 3-30-12
Memorandum Opinion and Order is therefore inappropriate; and the
Court thus intending to deny the motion for reconsideration; and
the Court having considered the matter without oral argument
pursuant to Local Civil Rule 78.1(b) and Local Civil Rule 7.1(i);
and for good cause appearing, the Court will issue an appropriate
order.


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated: August 15, 2012

7