**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| D&D ASSOCIATES, INC., | : | CIVIL ACTION NO. 03-1026 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| BOARD OF EDUCATION OF | : | |
| NORTH PLAINFIELD, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

      **THE COURT** having granted in part the motion filed by defendant, the Board of

Education of North Plainfield ("the Board") for attorneys' fees, costs, and sanctions ("the

Board's Motion");[1] and

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

The Court, by way of order dated December 10, 2015 ("12-10-15 Order"), granted the Board's Motion to the extent that it sought:

      (1) attorneys' fees on Count Five ("Civil Rights – Intimidation of Witnesses (Epstein, Board of Education)") accrued after March 26, 2007, under 42 U.S.C. § 1988 ("Section 1988"), to be paid by D&D itself;

      (2) attorneys' fees on Count Six ("Civil Rights – Illegal Garnishment Without Due Process of Law (All Defendants)") accrued after April 14, 2006, under Section 1988, to be paid by D&D itself;

      (3) sanctions against counsel for D&D on Count Five for the period after March 26, 2007, under Fed.R.Civ.P. 11 ("Rule 11");

**IT APPEARING** that the Board requested "a determination as to liability … and would seek to quantify the relief in subsequent proceedings" (dkt. 530 at 3); and it appearing that the Board bears the burden of demonstrating "that specific fees incurred were related to claims held to be frivolous," Aksanov v. Harrah's Casino Hotel Atl. City, No. 10-5883, 2016 WL 386039, at *2 (D.N.J. Feb. 1, 2016); and it appearing that the mere difficulty in allocating fees between successful and unsuccessful claims does not relieve a party from its burden of demonstrating its entitlement to fees, see Emmanouil v. Roggio, 499 Fed.Appx. 195, 203 (3d Cir. 2012); and it appearing that the Board applied for "an Order Awarding Sanctions … and for such other and further relief as the Court deems just and proper[,]" without stating that the Board sought to hold J. Charles Sheak,

---

(4) sanctions against counsel for D&D on Count Six for the period after April 14, 2006, under Rule 11;

(5) sanctions against D&D and its counsel on Count Seven ("Quia Timet – New Jersey Law (All Defendants)"), Count Ten ("Tortious Interference (All Defendants)"), Count Twelve ("Conversion (Board of Education, Bovis)"), Count Thirteen ("Fraudulent Inducement (Board of Education, Epstein, Vitetta)"), Count Fourteen ("Fraudulent Inducement, Rescission of Performance Bonds (Board of Education, Epstein, Vitetta)"), Count Fifteen ("Civil Conspiracy (Board of Education, Epstein, Vitetta, Bovis)"), and Count Sixteen ("Malicious Abuse of Process (Board of Education, Epstein)") under Rule 11;

(6) attorneys' fees against counsel for D&D under 28 U.S.C. § 1927 ("Section 1927"); [and]

(7) sanctions against D&D under the inherent powers of the Court[.]

(Dkt. 531 at 1–2.)

A 109-page Memorandum Opinion ("12-10-15 Memorandum Opinion") accompanied the 12-10-15 Order.  (Dkt. 530.)

Timothy Korzun, and Deborah Hollander personally liable in this action (dkt. 499 at 1); and

      **THE BOARD** now moving for clarification regarding the 12-10-15 Order (dkt. 533);[2] and

---

[2] The Board asks the Court "to rule as follows:"

1. The attorneys' fees awarded to the Board under 28 U.S.C. §1988 and Fed. R. Civ. Pro. 11 will not be allocated between frivolous and non-frivolous claims, and plaintiff D&D Associates, Inc. ("D&D") and its counsel shall be liable for all fees reasonably incurred by the Board to defend against all counts of the complaint within the time frames referenced in the Decision;

2. Alternatively, D&D and its counsel shall bear the burden[] to prove by a preponderance of the evidence (i) that the fees claimed by the Board should be allocated, and (ii) how they should be apportioned;

3. The "sanctions" awarded by the Court in the Decision consist of the Board's reasonable attorneys' fees, in a sum to be determined;

4. Under 28 U.S.C. §1927 and Fed. R. Civ. Pro. 11, the award of attorneys' fees and sanctions against "counsel for D&D" is jointly and severally against (a) the Sheak & Korzun law firm, (b) Charles Sheak, (c) Timothy Korzun, and (d) Deborah Holl[a]nd[e]r;

5. The award of attorneys' fees against counsel for D&D under 28 U.S.C. §1927 and the award of sanctions against D&D under the Court's inherent powers encompass all of the reasonable attorneys' fees incurred by the Board in this litigation;

6. Awarding the Board all costs incurred in this litigation to the extent authorized by <u>Fed.R.Civ.P.</u> 54(d)(l), jointly and severally against (a) the Sheak & Korzun law firm, (b) Charles Sheak, (c) Timothy Korzun, and (d) Deborah Holl[a]nd[e]r; and

7. For such other and further relief as the Court shall deem just and proper.

(Dkt. 533 at 2.)

**OPPOSING COUNSEL,** representing Sheak & Korzun, P.C., replying that the Board improperly seeks to: (1) "remove the requirement for the Board to prove and allocate its fees and costs"; (2) "hold D&D's counsel liable for all fees incurred from the inception of the litigation despite the Court's imposition of relief only as to particular claims and time periods"; and (3) "hold each of J. Charles Sheak, Timothy Korzun, and Deborah Hollander personally liable without any prior notice in the Board's sanctions motion that it was asserting personal liability against each of the individual attorneys it now identifies and without any delineation of the specific vexatious or improper conduct of each" (dkt. 540 at 5; see also dkt. 539 at 2); and

**THE COURT** having carefully reviewed the parties' arguments and considering the matter without oral argument pursuant to Local Civil Rule 78.1(b); and the Court rejecting the Board's argument that clarification of the 12-10-15 Order is warranted at this time, except as set forth below, particularly because the Court previously stated that it would determine the nature of attorneys' fees, sanctions, and costs in subsequent proceedings (dkt. 530 at 3, 85–86, 88); and

**THE COURT** concluding that the Board requests clarification on points that exceed the scope of the 12-10-15 Memorandum Opinion and the Court must therefore deny the motion for clarification regarding the 12-10-15 Order, except as follows:

Having reviewed the Board's underlying Notice of Motion, Proposed Order, and Supporting Brief on its motion to recover legal fees and costs (dkt. 499, dkt. 499-9, dkt. 499-1), the Court finds that none of those papers specified that such relief was sought against individual members of the firm of Sheak & Korzun, P.C., counsel for plaintiff

4

D&D Associates, Inc.  The Court further observes that the Court's Memorandum Opinion and Order on that Motion (dkt. 530, dkt. 531) ruled regarding the liability of "counsel for D&D," meaning the law firm of Sheak & Korzun, P.C., counsel of record for plaintiff. The Court hereby **RULES**, by way of **CLARIFICATION,** if necessary, that it has not found individual liability for costs or fees to be assessed, or other sanctions to be imposed, against individual members of that law firm.

The question of whether post-judgment collection proceedings on any financial judgment to be entered against Sheak & Korzun, P.C. in this action may reach personal assets of individual members of that law firm is beyond the scope of the current proceedings to quantify the amount of costs and fees, and the nature of any other sanctions, to be imposed upon that law firm.  The Court expresses no view on that question at this time.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  April 29, 2016

5